**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MERCEDES CRABTREE,** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **V.** | § | **NO. 4:26-CV-520-O** |
| | § | **(NO. 4:24-CR-309-O)** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Mercedes Crabtree under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## I. BACKGROUND

On December 11, 2024, Movant was named in a two-count indictment charging her in Count One with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and in Count Two with possession with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 2. CR ECF No.[1] 19. Movant entered a plea of not guilty. CR ECF No. 23. On January 22, 2025, Movant was named in a superseding information charging her with conspiracy to possess with intent to distribute a mixture or substance containing a detectable

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:24-CR-309-O.

amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No. 28. She entered into a plea agreement pursuant to which she agreed to plead guilty to the charge made in the superseding information and the government agreed not to bring any additional charges against her based upon the conduct underlying and related to the plea and to dismiss any remaining charges in the pending indictment. CR ECF No. 39. In addition, the plea agreement set forth: the penalties Movant faced, including imprisonment not to exceed 20 years; the Court's sentencing discretion and Movant's understanding that no one could predict the outcome of the Court's consideration of the guidelines; Movant's understanding that the sentence was solely within the Court's discretion as long as it was within the statutory maximum; that the plea was voluntarily and freely made and not the result of force, threats, or promises; that Movant waived her right to appeal or otherwise challenge the sentence except in certain limited circumstances; that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with counsel's legal representation; and that after fully discussing the plea with counsel, Movant had decided to plead guilty because it was in her best interest to do so. *Id.* Movant also signed a factual resume that set forth the penalties she faced, the elements of the offense charged by the superseding information, and the stipulated facts establishing that Movant had committed that offense. CR ECF No. 38.

On January 29, 2025, Movant appeared for arraignment on the superseding information and testified under oath in open court that: she understood the Court's sentencing discretion and that she should never depend or rely on any statement or promise by anyone as to what her sentence might be; she had received a copy of the superseding information; she had read and understood the superseding information; she understood the essential elements of the charge and committed each one; she had discussed her case with counsel and was fully satisfied with the representation

and advice she had received; she signed the plea agreement, which she had read and understood, and asked that the Court accept and approve it; she had read and understood the waiver provision and discussed it with counsel; she had knowingly and voluntarily entered into the plea agreement including the waiver and no one had made any promise or assurance to induce her to plead guilty; she understood that her punishment would be somewhere within the range of punishment provided by statute; she understood she could be imprisoned for up to 20 years; she had no questions for her attorney or for the Court; she read and understood the factual resume before signing it and the facts stated in it were true and correct. CR ECF No. 115.

The probation officer prepared the presentence report, which reflected that Movant's base offense level was 38 since the offense involved more than 4.5 kilograms of methamphetamine (actual). CR ECF No. 58-1, ¶ 35. She received two-level enhancements for a loaded firearm, *id.* ¶ 36, and importation. *Id.* ¶ 37. She received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 43, 44. Based on a total offense level of 39 and a criminal history category of III, her guideline imprisonment range was 324 to 405 months; however, the statutorily-authorized maximum was 20 years, so the guideline range became 240 months. *Id.* ¶ 91. Movant benefitted greatly from the plea agreement because she would have been subject to terms of imprisonment of 10 years to life under each count of the indictment. *Id.* ¶ 92.

The Court sentenced Movant to a term of imprisonment of 180 months, a variance. CR ECF No. 89. Movant did not appeal.

## II. GROUNDS OF THE MOTION

Movant asserts two grounds in support of her motion, contending in each that she received ineffective assistance of counsel. ECF No.[2] 1.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

**B. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV. ANALYSIS**

In support of her first ground, Movant makes the conclusory allegations that she was never given an opportunity to testify or call witnesses, that her counsel "did not clearly explain the plea agreement," and that she did not understand the agreement at all. ECF No. 1 at 4.[3] She further

[3] The page references to the motion are to "Page __ of 16" reflected at the top right portion of the document on the Court's electronic filing system.

alleges that she was not involved in any crime and was an innocent bystander. *Id.* In support of her second ground, she again alleges that she was not allowed to present evidence and is innocent. *Id.* at 5. She also alleges that she was forced to sign the plea agreement under threat of receiving a life sentence. *Id.*

To the extent Movant challenges counsel's advice to plead guilty, stern warnings about chances of success at trial or potential for prison time do not compromise the voluntariness of a plea. *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002). Here, had Movant gone to trial on the indictment rather than pled to the offense charged by the superseding information, she would have faced up to life in prison. CR Doc. No. 58-1, ¶ 92. Any contention that her plea was not knowing and voluntary is belied by the record. The plea agreement set forth Movant's understanding of the rights she was waiving (including the right to call witnesses), that she faced a term of imprisonment of up to 20 years, that no one could predict with certainty the outcome of the Court's consideration of the guidelines and that the sentence would be wholly within the Court's discretion, that her plea was freely and voluntarily made and was not the result of threats or promises, and that because she conceded she was guilty, she had concluded it would be best to enter into the plea agreement. CR ECF No. 39. The factual resume set forth the elements of the offense charged by the superseding information and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 38. The plea agreement and factual resume are entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Likewise, Movant's declarations in open court, admitting among other things that she understood the rights she was waiving, that she had read and understood the plea agreement and factual resume, that she understood the penalties she faced and that the sentence

was wholly within the Court's discretion, and that no one had made any promises or threats to induce her to plead guilty, CR ECF No. 115, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has produced no independent indicia of the likely merit of any of her allegations to refute her sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Even if Movant could show that her plea was not knowing and voluntary—which she cannot—she could not show prejudice, as there is no reason to believe that she would have insisted on going to trial but for the alleged deficient performance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Movant's solemn declarations in open court establish her mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020). Here, she does not even allege that she would have insisted on going to trial.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **10th** day of **August, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE